UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHYLLIS HOGGLE | § |
| | § |
| PLAINTIFF, | § |
| | § |
| VS. | §   CASE NO.: 07-635 |
| | § |
| CREDIT SOLUTIONS | § |
| CORPORATION | § |
| | § |
| DEFENDANT. | § |

## COMPLAINT

**COMES NOW** the plaintiff, PHYLLIS HOGGLE by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Baldwin County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA.

5. On or about June 22, 2007, the Plaintiff received a collection call from the Defendant concerning a debt owed to Heilig Meyers Palisades ("Palisades")in the amount of $1,248.00.

6. The Plaintiff was called by the Defendant at her place of employment, Lowe's in Mobile, Alabama.

7. Plaintiff spoke to a "Scott" about the debt and she informed him that she could not take any calls at work and to contact her at her home phone number.

8. Plaintiff received a second collection call from the Defendant while at work on or about June 25, 2007, just three days after the first phone call.

9. Plaintiff spoke to a "Ronnie" and she again informed the agent that she could not take any calls at her job and to contact her at home.

10. The Defendant also called the plaintiff's home and discussed the particulars of the debt to the plaintiff's husband, a third party to the debt.

11. She was contacted again by the Defendant several days later and paid $100.00 because she was informed that a lawsuit would be filed against her immediately.

12. The outstanding account with Palisades was closed in October 1999, which made the debt uncollectible as it was time-barred.

13. The Defendant has violated the FDCPA. The Defendant has presented actions that are:

    a. In a manner to harass, oppress, or abuse the plaintiff into paying a debt;
    b. A use of language that the natural consequence of such use is to abuse the plaintiff into paying a debt;
    c. A communication with a third party to pressure plaintiff into paying the debt.
    d. A manner of contact at the plaintiff's place of employment after being placed on notice such contact was prohibited by her employer.
    e. A false representation or implication that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of the plaintiff and the debt collector or creditor intends to take such action;
    f. A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

14. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

15. Plaintiff alleges said debt with defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5).

16. As a result of the defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the defendant for:

    a. Actual damages;
    b. Statutory damages pursuant to 15 U.S.C. §1692k;

    c.       Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
    d.       For such other and further relief as may be just and proper.

**RESPECTFULLY** submitted on this the 10th day of September 2007.

_____
JAMES D. PATTERSON (PATTJ6485)
Attorney for Plaintiff

**LAW OFFICE OF EARL P. UNDERWOOD, JR.**
**21 South Section Street**
**PO Box 969**
**Fairhope AL 36533**
**(251)-990-5558**